IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WARD M. SMITHSON,

Civil No. 07-641-JE

     Petitioner,

   v.

JEAN HILL,

FINDINGS AND RECOMMENDATION

     Respondent.

    Tonia L. Moro
    Assistant Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, Oregon 97204

       Attorney for Petitioner

    John R. Kroger
    Attorney General
    Jacqueline Sadker
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

       Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION

JELDERKS, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 in which he seeks to challenge the legality of his underlying state court convictions.  For the reasons that follow, the Amended Petition for Writ of Habeas Corpus (#13) should be denied.

## BACKGROUND

According to the record in this case, petitioner began abusing his daughter ("A.S.") when she was six years old.  The abuse came to light during a discussion A.S. had with her mother when A.S. was seven years old.  It was apparent from the conversation that A.S. had a disturbing understanding of sexuality for a child of her age. She also told her mother that petitioner slept naked with her and that he had allowed her to touch his penis.  Respondent's Exhibit 122, p. 3.  On October 3, 2002, A.S. and her mother reported this to the Tigard Police Department.  This led to the evaluation of A.S. by the CARES section at Emmanuel Hospital, where A.S. reported that petitioner began sexually abusing her when she was six years old, and that the abuse was ongoing at the time of the interview. *Id* at 4.

A.S.'s physical examination revealed nothing abnormal.  *Id.* However, according to A.S., petitioner sexually abused her "every

2 - FINDINGS AND RECOMMENDATION

time she was at his house."[1]   *Id.*   She revealed that petitioner

raped her three times, performed oral sex on her, and forced her to

perform oral sex on him.   Petitioner also touched A.S.'s vagina,

and had her masturbate him into a yellow towel.   *Id.*

Police interviewed petitioner on October 9, 2002.   The

following excerpt is taken from the police report:

> In essence, Mr. Smithson initially denied
> everything.  He tried to say that he has had
> concerns about [A.S.'s] sexualized behavior
> for a long time.  He claimed that old
> boyfriends of his ex-wife had written him
> letters about [A.S.], although he could not
> produce any of these letters.  During the
> course of our interview, Mr. Smithson made
> omissions, told numerous half-truths and put
> forth blatant lies.   To summarize; Mr.
> Smithson initially told us that he never slept
> in the nude; he later admitted that he usually
> slept in the nude, but not when his daughter
> was visiting; later he tried to explain
> everything by telling a story about how [A.S.]
> walked in on him while he was masturbating.
> He denied that [A.S] had ever touched his
> penis; later he admitted that she had touched
> his penis, but that it had happened so quickly
> that he could not stop her.  He adamantly
> denied French kissing [A.S.]; later he
> admitted that he once French kissed his
> daughter, but only because she kept begging
> him.  When confronted with the things [A.S.]
> had disclosed, Mr. Smithson had no explanation
> why his daughter would lie, and his denials
> were weak and unconvincing.

Respondent's Exhibit 124, p. 3.   Petitioner also admitted that he

had a yellow towel which he used while masturbating, and he

---

[1]   Petitioner's marriage to Schwartz ended in 1997, and
Schwartz was awarded custody of A.S., but A.S. visited her father
every weekend.  Respondent's Exhibit 122, p. 4.

3 - FINDINGS AND RECOMMENDATION

voluntarily provided that to the officers.  *Id.*  He acknowledged to the officers that because he had not been initially truthful about the towel, and about knowing that A.S. had seen him masturbate, and about French kissing her, a jury would believe him to be guilty of abusing her.  *Id* at 13.

On November 27, 2002, the Washington County Grand Jury indicted petitioner on three counts of Rape in the First Degree, two counts of Sodomy in the First Degree, and four counts of Sexual Abuse in the First Degree.  Respondent's Exhibit 102.  Upon counsel's advice, petitioner entered an *Alford* plea.[2]  As a result, the State dropped all charges except for one count of Sex Abuse and two counts of Sodomy.  The court sentenced petitioner to prison sentences totaling 130 months.  Respondent's Exhibit 101.

Petitioner filed for post-conviction relief ("PCR") in Malheur County where the Circuit Court denied relief.  Respondent's Exhibit 126.  The Oregon Court of Appeals affirmed the lower court without opinion, and the Oregon Supreme Court denied review.  *Smithson v. Hill*, 210 Or. App. 466, 11 P.3d 960, *rev. denied*, 342 Or. 523, 156 P.3d 69 (2007).

---

[2]  Pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), a court may accept a guilty plea despite defendant's claims of innocence where the defendant intelligently concludes that his best interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt.

4 - FINDINGS AND RECOMMENDATION

Petitioner filed this federal habeas corpus action on April
30, 2007.  His Amended Petition raises four grounds for relief, but
petitioner limits his Petition to the following:

1.    Counsel was ineffective because he failed to
      investigate petitioner's case;

2.    Counsel was ineffective when he caused petitioner
      to enter a plea of guilty that was not voluntary,
      knowing, or intelligent; and

3.    Counsel was ineffective during the sentencing phase
      when he failed to object to the court's
      reconstitution of petitioner's criminal history
      which increased his sentence.

Memo in Support (#45), p. 17.

Petitioner also asks the court to expand the record to include
an affidavit from Debra Hill, an Investigator for the Federal
Public Defender's Office, correspondence from Lydia Ziegler, and
medical journal articles relating to false memory.  Respondent asks
the court to deny petitioner's request to expand the record or
otherwise hold an evidentiary hearing, and further asks the court
to deny relief on his claims because they all lack merit.

## DISCUSSION

## I.    Expansion of the Record

Petitioner attempts to expand the record with an affidavit
from Debra Hill, an Investigator for the Federal Public Defender's
Office.[3]    In the Affidavit, Hill recounts the contents of her

---

[3] Attached to the Affidavit is Exhibit A, correspondence from
Lydia Ziegler in which Ziegler takes issue with Ms. Schwartz's
priorities as well as her tendency toward deception.  Hill

telephone interview with Michael Butler, an ex-boyfriend of Ms. Schwartz. Petitioner's Exhibit 2. The Affidavit paints an unflattering picture of Ms. Schwartz's lifestyle and her lack of commitment to A.S., and petitioner wishes to use it to bolster his theory that any abuse A.S. suffered came at the hands of one of Ms. Schwartz's boyfriends, or that A.S. suffered no abuse at all, but derived her advanced sexual knowledge from witnessing her mother and her boyfriends engage in sexual activity.

Respondent asserts that petitioner cannot meet the stringent requirements for an evidentiary hearing, therefore he is not entitled to expand the record pursuant to Rule 7 of the Rules Governing Section 2254 Cases. Petitioner argues that a request to expand the record is not synonymous with a request for an evidentiary hearing.

Where, as here, a prisoner wishes to introduce new evidence in the absence of an evidentiary hearing, the evidentiary hearing requirements of 28 U.S.C. § 2254(e)(2) nevertheless apply.[4] *Holland v. Jackson*, 124 S.Ct. 2736, 2738 (2004); *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1241-42 (9th Cir. 2005). Accordingly, if petitioner has failed to develop his claim in the state courts, he

---

Affidavit, Exhibit A.

[4] Contrary to petitioner's argument, *Holland* clearly states that "[t]hose same restrictions [of an evidentiary hearing] apply *a fortiori* when a prisoner seeks relief based on new evidence *without* an evidentiary hearing." *Holland*, 124 S.Ct. at 2738 (emphasis in original).

may only supplement the record if his claim relies on: 1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or 2) a factual predicate that could not have been previously discovered through the exercise of due diligence. 28 U.S.C. § 2254(e)(2)(A)(i) and (ii).  He must also demonstrate that the facts underlying the claim are sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the underlying offense.  28 U.S.C. § 2254(e)(2)(B).

The Affidavit of Ms. Hill is based upon the recollections of Mr. Butler, recollections which were apparent to petitioner prior to the time of his PCR trial.  In fact, petitioner attempted to submit a letter from Mr. Butler to him, as well as additional correspondence from Lydia Ziegler which is attached as Exhibit A to the Hill Affidavit, to the PCR trial court in an attempt to show that trial counsel was constitutionally ineffective for not adequately investigating the case.  The PCR trial court rejected those exhibits as follows:

> Okay.  Well, I'm always reluctant to -- to not let people in Mr. Smithson's position put something in that they -- that they'd like in. I think there are other things in the record that talk about the fact that he -- in fact, his interview with the police, he attempts to place blame for what went on here it had to have happened with some other guy that she was running around with.  And -- and I realize these are things that certainly would have been important had they gone to trial, but they didn't go to trial, and so we're right

7 - FINDINGS AND RECOMMENDATION

> back at the same proposition that we've been
> at this morning with regard to what this case
> is about. So even though I tend to let
> anything in, I know the State doesn't like
> sometimes, and I don't blame them because
> really what -- what this is irrelevant to what
> we're doing here. Certainly it may have been
> relevant at the time of trial if there had
> been a trial, but there wasn't. So, with all
> due respect, I'll sustain the State's
> objections to exhibits 8 and 11.

Respondent's Exhibit 125, pp. 18-19.

The PCR trial judge made it clear that he believed the evidence from Butler and Ziegler was irrelevant. Based on lack of relevance, the trial judge refused to: (1) admit the evidence of the correspondence from Butler and Ziegler showing the purported promiscuity of Ms. Schwartz and her apparent indifference to the well-being of her daughter; (2) grant petitioner a continuance in order to better develop this and similar evidence; and (3) substitute counsel based on counsel's alleged failure to properly perform an investigation. Respondent's Exhibit 125, pp. 3-5.

Petitioner is attempting to circumvent this outcome by reintroducing his rejected evidence in the form of the Hill Affidavit. In doing so, he argues that he was never given an opportunity to adequately develop his state court record due to the PCR trial court's allegedly erroneous determination that any additional evidence in the nature of the Butler and Ziegler correspondence would be irrelevant.

While this court views the evidence petitioner attempted to develop in the state courts as relevant to his claim of ineffective

8 - FINDINGS AND RECOMMENDATION

assistance of counsel, "[i]t is well settled that a state court's evidentiary ruling, even if erroneous, is grounds for federal habeas relief only if it renders the state proceedings so fundamentally unfair as to violate due process." *Spivey v. Rocha*, 194 F.3d 971, 977-78 (9th Cir. 1999).  In the context of state court evidentiary rulings, the Supreme Court has mandated that if a habeas petitioner wishes to claim that an evidentiary ruling denied him due process, "he must say so, not only in federal court, but in state court." *Duncan v. Henry,* 513 U.S. 364, 365-66 (1995). Petitioner made no such federal claim in his appeal from the PCR trial court's decision.  Respondent's Exhibit 127.  As a result, the evidentiary rulings are not at issue in this case, and the evidence rejected by the state court should not be admitted in this proceeding.

Petitioner also attempts to expand the record with medical journal articles pertaining to "false memory", something which he clearly could have attempted to submit to the PCR trial court but did not.  While petitioner claims that such information is generally available and therefore not subject to exclusion, "whether a state court's decision was unreasonable must be assessed in light of the record the court had before it." *Holland,* 542 U.S. at 652.  Because petitioner did not exercise diligence in submitting these documents to the PCR trial court for consideration, and as he cannot meet the stringent requirements of 28 U.S.C. § 2254(e)(2), he is not entitled to expand the record in

this case.   For the same reasons, petitioner's alternate request
for an evidentiary hearing should be denied.

## II.   **The Merits**

### A.   **Standard of Review**

An application for a writ of habeas corpus shall not be
granted unless adjudication of the claim in state court resulted in
a decision that was: (1) "contrary to, or involved an unreasonable
application of, clearly established Federal law, as determined by
the Supreme Court of the United States;" or (2) "based on an
unreasonable determination of the facts in light of the evidence
presented in the State court proceeding."   28 U.S.C. § 2254(d).   A
state court's findings of fact are presumed correct, and petitioner
bears the burden of rebutting the presumption of correctness by
clear and convincing evidence.   28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly
established precedent if the state court applies a rule that
contradicts the governing law set forth in [the Supreme Court's]
cases" or "if the state court confronts a set of facts that are
materially indistinguishable from a decision of [the Supreme] Court
and nevertheless arrives at a result different from [that]
precedent."   *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).
Under the "unreasonable application" clause, a federal habeas court
may grant relief "if the state court identifies the correct
governing legal principle from [the Supreme Court's] decisions but
unreasonably applies that principle to the facts of the prisoner's

10 - FINDINGS AND RECOMMENDATION

case."  *Id* at 413.  The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410.  The state court's application of clearly established law must be objectively unreasonable.  *Id* at 409.

Petitioner argues that no deference is due to the PCR trial court's findings in this case because it incorrectly applied a preponderance of the evidence legal standard to his ineffective assistance of counsel claims.  ORS 138.620(2) governs the burden of proof in Oregon's PCR proceedings, and requires only that "[t]he burden of proof of **facts** alleged in the petition shall be upon the petitioner to establish such **facts** by a preponderance of the evidence."  ORS 138.620(2) (emphasis added).  Oregon law does not require PCR courts to misapply any governing legal standards, and the PCR trial court did not do so in petitioner's case.

In this case, the PCR trial court merely applied the preponderance of the evidence standard to the facts of the case as it was required to do.  Courts have consistently held that litigants seeking to prevail in a PCR proceeding must prove the facts of their case by a preponderance of the evidence.  *See Holland v. Jackson*, 542 U.S. 649, 654 (2004); *Alcala v. Woodford*, 334, 862, 869 (9th Cir. 2003); *Davis v. Woodford*, 333 F.3d 982, 991 (9th Cir. 2003).  The court therefore gives deference to the state court decisions as required by the Anti-Terrorism and Effective Death Penalty Act.

11 - FINDINGS AND RECOMMENDATION

### B.   Analysis

#### 1.   Failure to Investigate

Petitioner alleges that his trial attorney did not perform a thorough investigation of his case before asking his client to enter his *Alford* plea.   Because no Supreme Court precedent is directly on point that corresponds to the facts of this case, the court uses the general two-part test the Supreme Court has established to determine whether petitioner received ineffective assistance of counsel.   *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1419 (2009).   First, petitioner must show that his lawyer's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984).   Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance."   *Id* at 689.

Second, petitioner must show that his lawyer's performance prejudiced the defense.   The appropriate test for prejudice is whether the defendant can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."   *Id* at 694. In proving prejudice, a petitioner who has pled guilty or no contest to an offense must demonstrate that there is a reasonable probability that, but for counsel's errors, he would not have entered such a plea and would have insisted on going to trial.

*Hill v. Lockhart*, 474 U.S. 52, 59 (1985).    When *Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result is a "doubly deferential judicial review."  *Mirzayance*, 129 S.Ct. at 1420.

In this case, petitioner alleges that counsel failed to interview Butler or Ziegler, and that he should have hired Dr. Reisberg, a local expert in false memory.  The record reveals that counsel did discuss the case with Dr. Reisberg, and concluded that Dr. Reisberg would not be helpful to the case.    Respondent's Exhibit 117, p. 3; Respondent's Exhibit 118, p. 3.   This is the kind of strategic decision to which courts afford a high level of deference.  *Strickland*, 466 U.S. at 689.  This is especially true in this case where petitioner has provided no evidence as to how Dr. Reisberg could have been helpful to his case.  *See Horn v. Hill*, 180 Or. App. 139, 148-49, 41 P.3d 1127 (2002) ("Where evidence omitted from a criminal trial is not produced in a post-conviction proceeding . . . its omission cannot be prejudicial").

While it appears that counsel did not interview either Butler or Ziegler, there is no evidence properly in the record showing how either of these individuals would have testified such that counsel's advice to petitioner would have been different had he interviewed them.  Instead, petitioner is left with a theory of his case about which he can speculate, but which is not substantiated by the record. Such speculation is insufficient to establish prejudice.  *Grisby v. Blodgett*, 130 F.3d 365, 373 (9th Cir. 1997)

13 - FINDINGS AND RECOMMENDATION

(speculation pertaining to expert witness testimony); *Wildman v. Johnson*, 261 F.3d 832, 839 (9th Cir. 2001) (speculation pertaining to lay witness testimony).

### 2. Ground Two: Failure to Properly Advise

Petitioner next argues that counsel failed to properly advise him regarding the possible length of his sentence when counsel informed him that he faced the possibility of a 40-year sentence. He contends that the victim's statements only supported three separate events, and that there was no evidence to support a finding that the Sex Abuse and Sodomy were not incidental to the three incidents of Rape described by the victim. As a result, petitioner concludes that had he lost at trial and received consecutive sentences, his maximum sentence exposure was approximately 20 years.

Petitioner faced nine charges total, five of which were charged as arising from separate transactions and would have merged with lesser offenses. Specifically, petitioner faced two counts of Rape in the First Degree (200-month mandatory minimum), two counts of Sodomy in the First Degree (200-month mandatory minimum), and one separate count of Sexual Abuse in the First Degree (75-month mandatory minimum). ORS 173.700. Thus, if a jury concluded that five separate events occurred as alleged in the Indictment, petitioner faced a total minimum sentencing exposure of 475 months, a figure which translates to a term of more than 39 years.

This is a difficult claim to evaluate in the absence of trial testimony on the part of the victim. The Pre-Sentence Investigation Report reveals that A.S. claimed that her father engaged in conduct that would constitute Rape on three different occasions (although only two were charged). Respondent's Exhibit 122, p. 4. So, in this respect, petitioner is correct that there were three incidents. This claim might be stronger if petitioner could show that his daughter was only at his house on those three occasions, but the custody agreement between petitioner and his ex-wife provided that A.S. would spend every weekend at petitioner's house. *Id.* It is not clear whether the incidents of sodomy the victim discussed occurred when she was raped, or during any one of her other visits when she would masturbate her father "every time she was at his house." *Id.* Thus, consecutive sentences were possible for the two separately charged counts of Rape, the two separately charged counts of Sodomy, and the one separately charged count of Sexual Abuse. As a result, petitioner is mistaken when he believes that the charges could only support a sentence totaling 20 years. Because counsel's 40-year estimate was accurate, his performance did not fall below an objective standard of reasonableness.

### 3.   **Ground Three: Failure to Object**

Finally, petitioner alleges that counsel's performance fell below an objective standard of reasonableness when he failed to object to the trial court's formulation of his criminal history

15 - FINDINGS AND RECOMMENDATION

during sentencing.  Under Oregon law, multiple crimes from the same criminal episode may not be used to reconstitute one another's criminal history scores.  *State v. Bucholz*, 317 Or. 309, 314-319 (1993).  According to petitioner, the record did not establish that the Sodomy and Sexual Abuse offenses occurred on different days, had different criminal objectives, or were not incidental to one another.  As a result, he concludes that counsel should have objected to the court's calculation of his criminal history.

Nowhere in the record is it clear that the offenses which were used to reconstitute petitioner's criminal history score occurred as part of the same act, or were otherwise not eligible to be used to reconstitute the next crime.  Petitioner bears the burden of proof, and he has not met it. *See Silva v. Woodford,* 279 F.3d 825, 835 (9th Cir. 2002). As a result, the court cannot conclude that counsel's performance fell below an objective standard of reasonableness.

For all of these reasons, the PCR trial court's decision is neither contrary to, nor an unreasonable application of, clearly established federal law.

### RECOMMENDATION

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (#13) should be DENIED, and a judgment should be entered DISMISSING this case with prejudice.  The court should decline to issue a Certificate of Appealability on the basis that

16 - FINDINGS AND RECOMMENDATION

petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

## SCHEDULING ORDER

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.  The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections.  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue, and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this ___4th___ day of December, 2009.

                          s/ John Jelderks
                          John Jelderks
                          United States Magistrate Judge

17 - FINDINGS AND RECOMMENDATION